**James Ray Streinz,** OSB No. 794107
   Direct Dial: (503) 412-3512
   Facsimile: (503) 243-2687
   E-mail: rays@mcewengisvold.com
**McEWEN GISVOLD LLP**
1600 Standard Plaza
1100 SW Sixth Avenue
Portland, Oregon 97204

Attorneys for Creditor Mountain View Golf Course

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>MARLEEN LUCILLE PEACOCK,<br><br>                         Debtor. | Bankruptcy Case No. 14-34993-tmb13<br><br>CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (dated September 12, 2014) |

     Mountain View Golf Course, LLC ("Mountain View"), a creditor holding an unsecured claim against the Debtor, files this objection to the Debtor's Chapter 13 Plan dated September 12, 2014 (the "Plan"). Objection should be denied on the grounds that the Debtor is not eligible for Chapter 13 relief because her unsecured debts exceed the limits in the Bankruptcy Code, the Plan is not feasible since it fails to provide sufficient funds to pay the unsecured claims, and that both the case and the Plan were not filed in good faith as further explained below.

    **1. Eligibility**

    The Debtor is only eligible for relief under Chapter 13 if her debts do not exceed the limits set in Section 109(e) of the Code. In this case the Debtor owes more than the limit of $383,175 for noncontingent, liquidated, unsecured debts.

Page 1 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

Case 14-34993-rld13    Doc 17    Filed 10/17/14

Although the Court would normally determine eligibility based upon the Debtor's schedules, where there is a good faith objection to eligibility "the court should look past the schedules to other evidence submitted" by the party contesting eligibility. *In re Quintana*, 107 B.R. 234, 239 n. 6 (BAP 9th Cir. 1989), aff'd, 915 F.2d 513 (9th Cir. 1990). In this case, Mountain View is making a good faith objection, and directs to Court's attention to its Proof of Claim filed in this case.

The key difference between the Debtor's calculation of unsecured debt and the correct calculation is the debt owed to Mountain View. Although the Debtor has listed the debt as unliquidated and disputed[1], the amount of the claim is debt is "calculable with certainty" and so it is unliquidated and the dispute is irrelevant for determination of eligibility under §109(e). *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1074-75 (9th Cir. 2001).

Using the proper amount of Mountain View's debt and Debtor's scheduled amounts, the calculation of unsecured debt is:

| | | |
|---|---:|---:|
| Unsecured Portion of Secured Debt | | $ 11,047 |
| Priority Unsecured Debt (IRS) | | 21,403 |
| Non-Priority Unsecured Debt | $266,071 | |
| Less Mountain View in schedules | (56,118) | |
| Non-Priority Unsecured Debt without Mountain View | | 209,953 |
| Mountain View Proof of Claim | | 163,082 |
| TOTAL UNSECURED DEBT | | $405,485 |

---

[1] Interestingly, the Debtor listed the Mountain View debt in her prior joint Chapter 13 case, and that debt was <u>not</u> listed as contingent, unliquidated and/or disputed. US Bankruptcy Court for Oregon, Case no. 11-32734-tmb13, doc 1, p. 22. Furthermore, Debtor did not file an objection to Mountain View's Proof of Claim, which included the same detail and amounts as filed in this case. Prior Case, Claim 19-1.

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

The correct amount of the Debtor's unsecured obligations exceeds the limit in §109(e) by approximately $22,000. As a result, the Debtor is ineligible for Chapter 13 relief and the Plan cannot be confirmed.

2. **Feasibility**

The Debtor's Plan states that it will pay the holders of unsecured claims 100% of their claims. Since the Debtor's best interest number (which the Chapter 13 Trustee has computed to be $641,566) is greater than the total of unsecured priority and unsecured non-priority claims (collectively "unsecured claims"), she must pay 100% of the allowed claims. However, the payments provided for under the Plan are insufficient to pay the unsecured claims in full.

The Chapter 13 Trustee has also recognized that the payments under the Plan are insufficient. However, the Trustee's calculation is based upon the Debtor's schedules, which understate the claim of Mountain View. That claim, which the Debtor has listed as $56,118[2], is actually $163,083. Thus, the total unsecured claims (not including other creditors which may also have higher claims that the amount listed) are $394,438[3]. The total payments under the Plan are $232,700, far less than the amount needed to pay those claims.

In her Schedule J, Debtor represents that her "net monthly income" is only $3,570. That represents her payment for the first 48 months under the Plan. Unless she

---

[2] As discussed above, Debtor has listed the claim of Mountain View as unliquidated and disputed. Mountain View has filed a Proof of Claim, so the amount to be allowed will have to be determined by the Court. However, until that is heard, the amount of the Proof of Claim is considered valid pursuant to FRBP 3001(f).

[3] The amount of the unsecured debt does not include the claim of Providence Health and Services which Debtor is paying outside the Plan.

Page 3 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

Case 14-34993-rld13    Doc 17    Filed 10/17/14

finds more income, or cuts expenses, the Debtor cannot pay her unsecured debts in full during the 60 months limit of the Plan. Therefore, the Plan is not feasible and cannot be confirmed.

### 3. Good Faith

To confirm the Plan the Debtor must establish both that the Plan has been proposed in good faith and that filing the Petition was in good faith. §1325(3) and (7). This requires an examination of the Debtor's motives, history and honesty. *See*, *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999), (a discussion of some of the factors to be considered in good faith).

The examination of whether filing the petition was in good faith must start with a joint Chapter 13 case with the Debtor's late husband filed in 2011, which was dismissed for failure to make plan payments less than three months before this case was filed. While that does not indicate a lack of good faith on its own, a comparison of the schedules in the two cases indicates that Debtor has not even attempted to be honest and accurate. For example: Schedule B, no. 2, the list of accounts and amounts in each are exactly the same; Schedule E, the amount owed to the IRS is exactly the same; and in Schedule F, the list of creditors and amounts are the same, although the Debtor has added five new creditors. Since it is unbelievable that the amounts in the banks would not have changed in three years, and that none of the debts have changed, it is clear that Debtor has not even tried to file accurate schedules.

Debtor's most critical errors in the schedules are her understatement of income and cash on hand. Her 2013 tax return, provided to Mountain View in negotiations over

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

Case 14-34993-rld13    Doc 17    Filed 10/17/14

the debt, reflects lottery payments of $201,698 during the year, or $16,808 a month.  Her Schedule I income from lottery is listed at $10,937 a month.  She lists the same amount in Form B 22C.  However, to muddy things even more, she shows lottery payments of $187,500 for the years 2012, 2013 and 2014 in question 2 on her Statement of Financial Affairs ("SOFA").  Also, the schedules were signed September 11, 2014, and her cash on hand and financial accounts total $1,070.  But the answer to question 2 in the SOFA indicates that the 2014 lottery payment of $187,500 was made on September 9, 2014. The failure to account for those funds by itself is evidence of a lack of good faith.

Some of this same information is germane to the issue of whether the Plan is filed in good faith.  Her computation of net monthly income is clearly wrong, and there is enough money each year to shorten the Plan.  Also, there is no reason for the payments under the Plan to be made monthly when she receives the lottery payment in one lump sum.

## CONCLUSION

Confirmation of Debtor's Plan dated September 12, 2014 must be denied.  And since a new Plan cannot correct the violation of the eligibility standards for Chapter 13 or the lack of good faith in filing the case, this case should either be dismissed or converted to Chapter 7.

McEWEN GISVOLD LLP

By: /s/ James Ray Streinz
    James Ray Streinz, OSB No. 794107
    Telephone:  (503) 226-7321
    E-mail: rays@mcewengisvold.com
Attorneys for Mountain View Golf
Course, LLC

Page 5 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
**Facsimile   (503) 243-2687**

Case 14-34993-rld13    Doc 17    Filed 10/17/14

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2014, I caused a copy of the CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN to be served on each of the parties listed on ECF, and I served the Objection on the Debtor, the Chapter 13 Trustee and the US Trustee by placing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to the listed address of each, and depositing the same into the United States mail at Portland, Oregon:

Marleen Lucille Peacock
2195 SE Douglas Place
Gresham, OR 97080

Wayne Godare
222 SW Columbia St #1700
Portland, OR 97201

US Trustee, Portland
620 SW Main St #213
Portland, OR 97205

        McEWEN GISVOLD LLP

        By: /s/ James Ray Streinz
          James Ray Streinz, OSB No. 794107
        Attorneys for Mountain View Golf
        Course, LLC

Page 6 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
Facsimile (503) 243-2687

Case 14-34993-rld13    Doc 17    Filed 10/17/14