**James Ray Streinz,** OSB No. 794107
   Direct Dial: (503) 412-3512
   Facsimile: (503) 243-2687
   E-mail: rays@mcewengisvold.com
**McEWEN GISVOLD LLP**
1600 Standard Plaza
1100 SW Sixth Avenue
Portland, Oregon 97204

Attorneys for Creditor Mountain View Golf Club, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>MARLEEN LUCILLE PEACOCK,<br><br>              Debtor. | Bankruptcy Case No. 14-34993-tmb13<br><br>SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CREDITOR MT. VIEW GOLF CLUB'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (dated September 12, 2014) |

      Mountain View Golf Club, LLC (incorrectly identified as Mountain View Golf Course, LLC in the original objection) ("Mt. View"), files this supplement to its Objection to the Debtor's Chapter 13 Plan dated September 12, 2014 (the "Plan"). The objections are the same, but additional information, support and argument are included. The original Objection is attached for reference.

    **1.**    **Eligibility**

      The Debtor is only eligible for relief under Chapter 13 if her debts do not exceed the limits set in Section 109(e) of the Code. In this case the Debtor owes more than the limit of $383,175 in noncontingent, liquidated, unsecured debts.

Page 1 of 8 – SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

Case 14-34993-dwh13   Doc 25   Filed 02/19/15

Since the filing of the Objection the deadline for filing proofs of claim has passed, and we can calculate the total amount of the debt. Although some small creditors did not file claims this time, the Debtor did not mark those debts unliquidated or contingent, so those debts are included in determining the total of unliquidated debts owed by the Debtor. Taking the scheduled debt, and correcting where proofs of claim have been filed, the total noncontingent, liquidated, unsecured debt on the date of filing the petition was $461,557.95. See Ex. 100.[1]

There are two major claims which the Debtor has substantially understated which cause the unsecured debt to exceed the total of the scheduled debt. These are the claims of Providence Health Services ("Providence") and Mt. View. No objection has been filed to either claim. See Claims Register, Ex. 101.

The Providence claim, scheduled at $60,000, is for $159,686.15. Based on the attachment to the claim, the debt appears to have already been reduced by an "adjustment" of almost $70,000. The Debtor has proposed to pay this debt outside the Plan because Providence will discount the debt if paid in a specific manner. Even if the agreement provides for a further discount based on the manner of paying it, the amount of the debt on the date of filing the petition is what she owed, not what she can pay to eliminate the debt. If that was the test, all unsecured debt would be zero in a zero payment Chapter 13.

---

[1] In computing the total debt, Bank of America presents a problem. The Debtor listed Bank of America once, with one amount, but listed one account number where there is a spot for account numbers, and two other account numbers in the explanation of the debt. The claim filed by Portfolio Management which references Bank of America is for only one of those account numbers. (See Claim No. 6.) Therefore, we have used the scheduled amount of the debt, assuming that the Bank (or current debt holder) failed to realize that there were three accounts.

Page 2 of 8 – SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
Facsimile (503) 243-2687

Mt. View assumes that the Debtor will challenge the Mt. View claim in an effort to reduce the claims to an amount less than the $383,175 limit for Chapter 13. Since no objection to the claim has been filed, Mt. View can only guess what the Debtor's argument will be.

As an initial matter, Debtor should be bound by the doctrine of judicial estoppel to the scheduling of Mt. View's claim in her prior Chapter 13 case (Case no. 11-32734-tmb13).[2] In the prior case Debtor listed Mt. View as an unsecured creditor with a claim of $56,118, which was NOT marked as contingent, unliquidated or disputed. (Ex. 103) Debtor cannot now change her sworn statement. As the Ninth Circuit noted in *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001) in applying judicial estoppel:

> "We agree with the Fifth Circuit's analysis in *In re Coastal Plains* when it said, "It is very important that a debtor's bankruptcy schedules and statement of affairs be as accurate as possible, because that is the initial information upon which all creditors rely." Id. [179 F.3d 197, 208] The Coastal court further defined the essence of judicial estoppel in this bankruptcy context:
>> 'The rationale for … decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements and the bankruptcy court, which

---

[2] The case was initially filed by the debtor and her husband William Harry Peacock. Mr. Peacock passed away after the Plan was confirmed. Ms. Peacock chose to proceed in Chapter 13 in the normal fashion.

Page 3 of 8 – SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.' Id. (alteration in original) (quoting *Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y. 1996)).
We agree completely with this analysis."

*Res judicata* should apply to the Debtor's failure to object to the Mt. View claim in the first case for $132,054.39. The parties and the claim in the earlier case (Ex. 104), are identical to the parties and claim in the current case (Ex. 102), except that the amount is different since the payments in the first case have been deducted and interest added. Although the Debtor had adequate time to object during the pendency of the first case (39 months), she never did so. Her objection to the claim now should be barred under the doctrine of *res judicata*.

The evidence at the hearing will show that Mt. View leased the restaurant, lounge, snack bar and drink cart at the golf course to an LLC owned by the Debtor and her husband in 2008. Performance of the lease by the LLC was guaranteed by the Debtor and her husband.[3] The Debtor and her husband had trouble in paying the agreed rent and utility charges from the beginning, and the lease was amended in 2009 to eliminate the base rent in the slow months and only pay utilities. (Ex.106) They were still unsuccessful and performed a "midnight move-out" on December 25, 2010, prior to the expiration of the lease on October 31, 2011.

At the time Debtor moved out Mt. View has calculated that there was $99,616.23 owing in past due rent, utilities, late charge and interest, including utilities not yet billed.

---

[3] Because of the ownership and the guaranty, Mt. View will treat the Debtor as the tenant for purposes of this discussion. However, Mt. View realizes that its claim against Debtor is based on the guaranty of the lease.

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

(See "Claim Summary" attached to proof of claim, Ex. 102.) Mt. View discovered that various pieces of equipment attached to premises were damaged, and the cost to replace the equipment (it could not be fixed) was $11,039.25. Mt. View continued to accrue utility charges that were due from the Debtor under the lease in the amount of $12,650 through March. (This was the period during which no base rent was due.) Mt. View then charged the lost rent and utility charges to the end of the lease term on October 31, 2011. Mt. View has computed the 15% interest due under the lease on unpaid charges and included that in its claim, along with attorney fees. Mt. View has credited the debtor for the last month's rent deposit, the security deposit, and the agreed value of the equipment and inventory left behind.

      Mt. View expects that the Debtor will object to the charge for replacing equipment, arguing that it was old and in need of repair when they entered into the lease. However, there were several restaurants in the leased premises prior to the Debtor, and Mt. View was unsure of the condition. So when the Debtor took over, Mt. View waived two months base rent and allowed the Debtor to defer rent until it had settled in and repaired whatever was wrong. It agreed that the cost of repairs and equipment replacement could be deducted from the deferred rent. In the end, Mt. View gave Debtor a credit of just over $15,000 for the repairs. (Ex.141 is a calculation of the credit and rent then due.) If there was old, defective machinery when the Debtor moved in, it should have been repaired then. Since Mt. View is not an expert on restaurant equipment, it can only conclude that everything was fine after Debtor made repairs, and any problems Mt. View found were caused by the Debtor.

Page 5 of 8 – SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

One of the duties of the landlord by law and in the lease upon a tenant moving out is to mitigate its damages by searching for a replacement tenant. Shortly after the Debtor moved out, Mt. View met with a successful restaurant owner who was interested in the space. The negotiations and inspections went well, and Mt. View had a draft lease being prepared, when the proposed tenant backed out. At this point it was March 2011, and the busy season for golf was approaching. The course needed the restaurant and lounge to keep golfers happy. Based on the history of the premises, Mt. View doubted it would find a tenant, but even if it did it would be late summer before the new tenant would be ready to go. So Mt. View formed a new LLC to run the restaurant, lounge, snack shop and drink cart. Although the lease set rent at $5000 per month, the owners knew the restaurant would pay what it could. As it turned out, the new restaurant lost more money that the payments that would have been due under the lease, and paid no rent nor utility charges.

The claim of Mt. View is valid, and the total of unsecured debt as shown on Exhibit 100 is greater that the limit set by the Code for Chapter 13 cases.

**2.  Feasibility**

The Debtor has not amended her Plan to cure the problem that there is not enough paid into the plan to pay the holders of unsecured claims 100% of their claims as promised and required by the best interest test. Mt. View has nothing to add to its original objection.

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
**Facsimile  (503) 243-2687**

3. **Good Faith**

Mt. View has nothing to add to its discussion of good faith in its Objection to Confirmation, but it hopes to get answers at the hearing as to where the 2014 lottery payment went.

## CONCLUSION

Confirmation of Debtor's Plan dated September 12, 2014 must be denied. And since a new Plan cannot correct the violation of the eligibility standards for Chapter 13 or the lack of good faith in filing the case, this case should either be dismissed or converted to Chapter 7.

McEWEN GISVOLD LLP

By: */s/ James Ray Streinz*
    James Ray Streinz, OSB No. 794107
    Telephone: (503) 226-7321
    E-mail: rays@mcewengisvold.com
  Attorneys for Mountain View Golf Club, LLC

Page 7 of 8 – SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

**James Ray Streinz,** OSB No.  794107
    Direct Dial: (503) 412-3512
    Facsimile:  (503) 243-2687
    E-mail:     rays@mcewengisvold.com
**McEWEN GISVOLD LLP**
1600 Standard Plaza
1100 SW Sixth Avenue
Portland, Oregon 97204

Attorneys for Creditor Mountain View Golf Course

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Bankruptcy Case No.  14-34993-tmb13 |
|---|---|
| MARLEEN LUCILLE PEACOCK, | CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN (dated September 12, 2014) |
| Debtor. | |

      Mountain View Golf Course, LLC ("Mountain View"), a creditor holding an unsecured claim against the Debtor, files this objection to the Debtor's Chapter 13 Plan dated September 12, 2014 (the "Plan").  Objection should be denied on the grounds that the Debtor is not eligible for Chapter 13 relief because her unsecured debts exceed the limits in the Bankruptcy Code, the Plan is not feasible since it fails to provide sufficient funds to pay the unsecured claims, and that both the case and the Plan were not filed in good faith as further explained below.

    **1.  Eligibility**

      The Debtor is only eligible for relief under Chapter 13 if her debts do not exceed the limits set in Section 109(e) of the Code.  In this case the Debtor owes more than the limit of $383,175 for noncontingent, liquidated, unsecured debts.

Page 1 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
**Facsimile   (503) 243-2687**

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

Although the Court would normally determine eligibility based upon the Debtor's schedules, where there is a good faith objection to eligibility "the court should look past the schedules to other evidence submitted" by the party contesting eligibility. *In re Quintana*, 107 B.R. 234, 239 n. 6 (BAP 9th Cir. 1989), aff'd, 915 F.2d 513 (9th Cir. 1990). In this case, Mountain View is making a good faith objection, and directs to Court's attention to its Proof of Claim filed in this case.

The key difference between the Debtor's calculation of unsecured debt and the correct calculation is the debt owed to Mountain View. Although the Debtor has listed the debt as unliquidated and disputed[1], the amount of the claim is debt is "calculable with certainty" and so it is unliquidated and the dispute is irrelevant for determination of eligibility under §109(e). *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1074-75 (9th Cir. 2001).

Using the proper amount of Mountain View's debt and Debtor's scheduled amounts, the calculation of unsecured debt is:

| | | |
|---|---:|---:|
| Unsecured Portion of Secured Debt | | $ 11,047 |
| Priority Unsecured Debt (IRS) | | 21,403 |
| Non-Priority Unsecured Debt | $266,071 | |
| Less Mountain View in schedules | (56,118) | |
| Non-Priority Unsecured Debt without Mountain View | | 209,953 |
| Mountain View Proof of Claim | | 163,082 |
| TOTAL UNSECURED DEBT | | $405,485 |

---

[1] Interestingly, the Debtor listed the Mountain View debt in her prior joint Chapter 13 case, and that debt was <u>not</u> listed as contingent, unliquidated and/or disputed. US Bankruptcy Court for Oregon, Case no. 11-32734-tmb13, doc 1, p. 22. Furthermore, Debtor did not file an objection to Mountain View's Proof of Claim, which included the same detail and amounts as filed in this case. Prior Case, Claim 19-1.

Page 2 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
**Facsimile (503) 243-2687**

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

The correct amount of the Debtor's unsecured obligations exceeds the limit in §109(e) by approximately $22,000. As a result, the Debtor is ineligible for Chapter 13 relief and the Plan cannot be confirmed.

**2. Feasibility**

The Debtor's Plan states that it will pay the holders of unsecured claims 100% of their claims. Since the Debtor's best interest number (which the Chapter 13 Trustee has computed to be $641,566) is greater than the total of unsecured priority and unsecured non-priority claims (collectively "unsecured claims"), she must pay 100% of the allowed claims. However, the payments provided for under the Plan are insufficient to pay the unsecured claims in full.

The Chapter 13 Trustee has also recognized that the payments under the Plan are insufficient. However, the Trustee's calculation is based upon the Debtor's schedules, which understate the claim of Mountain View. That claim, which the Debtor has listed as $56,118[2], is actually $163,083. Thus, the total unsecured claims (not including other creditors which may also have higher claims that the amount listed) are $394,438[3]. The total payments under the Plan are $232,700, far less than the amount needed to pay those claims.

In her Schedule J, Debtor represents that her "net monthly income" is only $3,570. That represents her payment for the first 48 months under the Plan. Unless she

---

[2] As discussed above, Debtor has listed the claim of Mountain View as unliquidated and disputed. Mountain View has filed a Proof of Claim, so the amount to be allowed will have to be determined by the Court. However, until that is heard, the amount of the Proof of Claim is considered valid pursuant to FRBP 3001(f).

[3] The amount of the unsecured debt does not include the claim of Providence Health and Services which Debtor is paying outside the Plan.

Page 3 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
Facsimile (503) 243-2687

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

finds more income, or cuts expenses, the Debtor cannot pay her unsecured debts in full during the 60 months limit of the Plan. Therefore, the Plan is not feasible and cannot be confirmed.

### 3. Good Faith

To confirm the Plan the Debtor must establish both that the Plan has been proposed in good faith and that filing the Petition was in good faith. §1325(3) and (7). This requires an examination of the Debtor's motives, history and honesty. *See*, *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999), (a discussion of some of the factors to be considered in good faith).

The examination of whether filing the petition was in good faith must start with a joint Chapter 13 case with the Debtor's late husband filed in 2011, which was dismissed for failure to make plan payments less than three months before this case was filed. While that does not indicate a lack of good faith on its own, a comparison of the schedules in the two cases indicates that Debtor has not even attempted to be honest and accurate. For example: Schedule B, no. 2, the list of accounts and amounts in each are exactly the same; Schedule E, the amount owed to the IRS is exactly the same; and in Schedule F, the list of creditors and amounts are the same, although the Debtor has added five new creditors. Since it is unbelievable that the amounts in the banks would not have changed in three years, and that none of the debts have changed, it is clear that Debtor has not even tried to file accurate schedules.

Debtor's most critical errors in the schedules are her understatement of income and cash on hand. Her 2013 tax return, provided to Mountain View in negotiations over

Page 4 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
**Facsimile   (503) 243-2687**

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

the debt, reflects lottery payments of $201,698 during the year, or $16,808 a month. Her Schedule I income from lottery is listed at $10,937 a month. She lists the same amount in Form B 22C. However, to muddy things even more, she shows lottery payments of $187,500 for the years 2012, 2013 and 2014 in question 2 on her Statement of Financial Affairs ("SOFA"). Also, the schedules were signed September 11, 2014, and her cash on hand and financial accounts total $1,070. But the answer to question 2 in the SOFA indicates that the 2014 lottery payment of $187,500 was made on September 9, 2014. The failure to account for those funds by itself is evidence of a lack of good faith.

Some of this same information is germane to the issue of whether the Plan is filed in good faith. Her computation of net monthly income is clearly wrong, and there is enough money each year to shorten the Plan. Also, there is no reason for the payments under the Plan to be made monthly when she receives the lottery payment in one lump sum.

## CONCLUSION

Confirmation of Debtor's Plan dated September 12, 2014 must be denied. And since a new Plan cannot correct the violation of the eligibility standards for Chapter 13 or the lack of good faith in filing the case, this case should either be dismissed or converted to Chapter 7.

McEWEN GISVOLD LLP

By:   */s/ James Ray Streinz*
    James Ray Streinz, OSB No. 794107
    Telephone: (503) 226-7321
    E-mail: rays@mcewengisvold.com
  Attorneys for Mountain View Golf
  Course, LLC

Page 5 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
Facsimile (503) 243-2687

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2014, I caused a copy of the CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN to be served on each of the parties listed on ECF, and I served the Objection on the Debtor, the Chapter 13 Trustee and the US Trustee by placing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to the listed address of each, and depositing the same into the United States mail at Portland, Oregon:

Marleen Lucille Peacock
2195 SE Douglas Place
Gresham, OR 97080

Wayne Godare
222 SW Columbia St #1700
Portland, OR 97201

US Trustee, Portland
620 SW Main St #213
Portland, OR 97205

                      McEWEN GISVOLD LLP

                      By:  /s/ James Ray Streinz
                         James Ray Streinz, OSB No. 794107
                      Attorneys for Mountain View Golf
                      Course, LLC

Page 6 of 6 – CREDITOR'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon  97204
Telephone (503) 226-7321
**Facsimile   (503) 243-2687**

Case 14-34993-dwh13    Doc 25    Filed 02/19/15

CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2015, I caused a copy of SUPPLEMENTAL MEMORANDUM IN SUPPORT OF CREDITOR MT. VIEW GOLF CLUB'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN to be served on each of the parties listed on ECF, and I served the document on the individuals listed below by placing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to the listed address of each, and depositing the same into the United States mail at Portland, Oregon:

Rex K. Daines
POB 12829
Salem, OR 97309-0829

Angela M. Michael
McCarthy & Holthus, LLP
108 1st Avenue South, Suite 300
Seattle, WA 98104

Wayne Godare
222 SW Columbia St #1700
Portland, OR 97201

US Trustee, Portland
620 SW Main St #213
Portland, OR 97205

                                McEWEN GISVOLD LLP

                                By: /s/ James Ray Streinz
                                   James Ray Streinz, OSB No. 794107
                                Attorneys for Mountain View Golf
                                Club, LLC

Page 8 of 8 – SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

MCEWEN GISVOLD LLP
Attorneys at Law
1100 SW Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone (503) 226-7321
Facsimile (503) 243-2687